## Case No. 14,961.

### UNITED STATES v. DISTILLERY AT PETERSBURG.

[1 Hughes, 533; [1] 22 Int. Rev. Rec. 195; 8 Chi. Leg. News, 314.]

Circuit Court, E. D. Virginia. 1876.

INTERNAL REVENUE — DISTILLER'S BOOKS — FOR WHAT PURPOSE KEPT—SEIZURE OF BOOKS—EVIDENCE.

1. The books of a distiller, kept in accordance with sections 3303 and 3304 of the Revised Statutes of the United States, are quasi records, false entries in which, or an omission to make such entries as the law requires in which, or a refusal to produce which, on proper demand, will subject the distillery to forfeiture.

2. The seizure of such books by a collector of internal revenue upon an order of one of the executive departments of the government, given in the legitimate exercise of its duties, is not a "judicial proceeding" in the contemplation of section 860 of the Revised Statutes, such as deprives the government of the right to use them as evidence in the trial of a libel for forfeiture filed against such a distillery.

The facts of the case of the United States against a distillery [owned by M. & E. Myers] at Petersburg were as follows: Section 3303 of the Revised Statutes provides that every distillery shall, from day to day, make, or cause to be made, in a book or books to be kept by him in such form as the commissioner of internal revenue may prescribe, certain specified entries recording in detail his transactions at the distillery. Section 3304 then provides that these books "shall always be kept at the distillery, and be always open to the inspection of every revenue officer, * * * and whenever required shall be produced for the inspection of any revenue officer."

On the 1st day of November, 1875, the collector of internal revenue for the Second collection district of Virginia, acting under special authority for that purpose from the commissioner of internal revenue, seized the distillery, which is the subject-matter of this action, for a violation of section 3257 of the Revised Statutes, and with it took possession of the books kept upon the premises pursuant to the requirements of section 3303. At the trial of this suit in the district court, the United States, to maintain the issue on their part, offered these books in evidence, but the claimants objected to their admissibility, upon the ground that they had been obtained from the distillers by means of a judicial proceeding. This objection was based upon section 860 of the Revised Statutes which is as follows: "No pleading of a party, nor any discovery or evidence obtained from any party or witness by means of a judicial proceeding in this or any foreign country, shall be given in evidence, or in any manner used against him, or his property or estate, in any court of the United States in any criminal proceeding, or for the enforcement of any penalty or forfeiture; provided, that this section shall not exempt any party or witness from prosecution and punishment for perjury committed in discovering or testifying as aforesaid." The district court sustained the objection and excluded the evidence. To this ruling the United States excepted in due form upon the record, and the question presented for consideration stands upon that exception.

WAITE, Circuit Justice. The books of a distiller, kept in obedience to the requirements of the statute, are, so to speak, quasi records. They are intended for use as much by the government as the distiller. They constitute part of the machinery which the law has provided for the enforcement of the revenue laws. Their object is to furnish the government with evidence of the daily business of the distillery, and with the means of detecting frauds. They are to be preserved two years for that purpose, and are to be produced for the inspection of the proper government officials whenever demanded. They are, in a sense, part of the distillery itself, and as much subject to inspection and use for the purpose of securing the payment of the revenue as the building or any part of the fixtures or apparatus. False entries therein, or an omission to make such entries as the law requires, or a refusal to produce them upon proper demand, will subject the distillery to forfeiture The possession of the books in this case was not obtained by means of any judicial proceeding. The seizure was not by virtue of any warrant issued by a court or judicial officer, but upon an order of the executive departments of the government, made in the legitimate exercise of its powers for the enforcement of the laws. The books were taken because found on the premises in the place where the law required they should be kept for the purposes of evidence, to be consulted and considered by the government. They were no more excluded by this statute from use as evidence, on account

of the manner in which they were obtained, than were the tubs or other apparatus seized at the same time.

This case is entirely different from that of U. S. v. Hughes [Case No. 15,419], decided by Judge Blatchford, in the Southern district of New York. There the warrant of seizure was issued by a judge and made returnable to the court (14 St. 547, § 2). The evidence obtained consisted exclusively of private books and papers, which were in no sense whatever public. They were excluded because they had been obtained under a warrant issued in a judicial proceeding by a judge to a marshal, returnable with the papers, etc., to the judge for his judicial action. Here, as has been seen, the books were public books, kept for the purposes of evidence, and intended for use as well by the government as the distiller. The United States have the right to demand their production without judicial protest for all purposes connected with the revenue liabilities of the distillers or the distilleries.

We think the district court erred in excluding the testimony, and the judgment must for this reason be reversed. It is unnecessary now to consider any other questions presented by the record, as upon another trial, with additional evidence, the court may be able to find the facts more specifically and definitely than they appear in the present record.

The case is remanded for a new trial.

[For an action of debt against M. & E. Myers, to recover $47,800, claimed for taxes due and unpaid, see Case No. 15,846.]